Irvin C. Delscamp, Dayton, for plaintiff in error.

Jacobson & Durst, Dayton, for defendant in error.

## DAUGHERTY v VALLASSES

Ohio Appeals, 2nd Dist, Montgomery Co

No 1175. Decided May 24, 1933

BARNES, J.

The sole and only question for determination is whether or not under the record and the law the finding and judgment of the lower court should have been in excess of $65.00, the amount returned.

We have very carefully examined the record and are frank to say that if we were determining the question originally the finding and judgment for the plaintiff would have been a larger amount. It must be understood that in making this observation, we are dealing with the cold record

and do not have the advantage of the conduct and appearance of the witnesses as did the trial court. The principle of law is well recognized that it is not within the province of a reviewing court to pass on the question of the weight of the evidence. It is only when the verdict is so manifestly against the weight of the evidence as to shock the conscience that a finding and judgment will be disturbed. We are unable to find such a situation in the instant case.

The evidence was undisputed as to the period of time that the defendant roomed at the rooming house of plaintiff. The price per month for the room was admitted and there was no dispute as to the items constituting the laundry charge. It was the contention of the defendant that the plaintiff had not given him the credits that he was entitled to.

Counsel for plaintiff is correct in his contention that the matter of payment was defensive and that defendant would be required to prove same by preponderance of the evidence.

The case being tried to the court without the intervention of a jury and there being no separate findings of facts and law, we must conclude that the court correctly applied this principle of law to the facts. The only testimony on the disputed items of payment was the plaintiff on the one side and the defendant on the other. Under the law the weight of the testimony is not determined by numbers. It is the privilege, duty and right of the court to look to the quality rather than the quantity of testimony.

From reading the record, we find that the plaintiff claimed to have some sort of a book of accounts relative to the charges against the defendant. It was referred to many times and passed from witness to counsel and back again. The trial court necessarily had the advantage of a view of this particular book during the time that the plaintiff was being examined concerning it.

For some unexplainable reason the book was not introduced in evidence and therefore we are deprived of this piece of evidence which might be very helpful in making our findings. Where a book of accounts is introduced in evidence and bears evidence of original entries made in the usual way, it gives added weight to the oral testimony of witnesses. If, on the other hand, its appearance discredits its correctness it may lessen the weight that will be given to the oral testimony of the witness. This may be the explanation as to why the trial court accepted the lone testimony of the defendant on the question of payments.

There being no question raised under the record, except the one as to the weight of the testimony, we are unable to conclude that the verdict should be disturbed.

Finding and judgment of the court below will be affirmed at plaintiff's costs. Exceptions will be allowed, if desired. Entry may be drawn accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.